**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BLUE SPHERE, INC. d/b/a LUCKY 13 and
ROBERT A. KLOETZY,

       Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A HERETO,

       Defendants.

Case No. 22-cv-5599

Judge Steven C. Seeger

**PLAINTIFFS' STATEMENT RELATING TO THE DECEMBER 19, 2022 MINUTE
ORDER [DKT. NO. 19]**

Plaintiffs BLUE SPHERE, INC. d/b/a LUCKY 13 and ROBERT A. KLOETZY
("LUCKY 13" or "Plaintiffs") submit the following Statement relating to the Court's
December 19, 2022, Minute Order [Dkt. No.19], and in support of the filing of their Amended
Complaint on October 24, 2022 [Dkt. No. 12] state as follows.

On October 13, 2022, Plaintiffs filed a Complaint against two-hundred eighteen (218)
Defendants for Trademark Infringement and Counterfeiting (Count I), False Designation of
Origin (Count II), Copyright Infringement (Count III) and Violation of Illinois Uniform
Deceptive Trade Practices Act (Count IV). [Dkt. No. 1]. On October 24, 2022, Plaintiffs filed an
Amended Complaint [Dkt. No. 12] "as a matter of course" pursuant to F.R.C.P. 15(a)(1)(A)
naming five (5) Defendants so that Plaintiffs could more readily: (1) comply with this Court's
bond requirements; and (2) minimize the risk that Plaintiffs' would need to request an extension
of a temporary restraining order ("TRO"), if issued.

This Court typically requires a plaintiff to post a bond in the amount of $10,000.00 per Defendant. *See* 22-cv-1088 *Grumpy Cat Limited v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 24, ¶ 7]; 21-cv-2670 *EMOJI Company GmbH v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 18, ¶ 8]; 21-cv-1012 *EMOJI Company GmbH v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 16, ¶ 10]; 20-cv-7245 *Grumpy Cat Limited v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 18, ¶ 10]; 20-cv-6859 *Valentino Rossi v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 17, ¶ 14]; 20-cv-6607 *KTM AG v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 24 ¶ 14] and 20-cv-3558 *Those Characters from Cleveland, LLC v. The Partnerships et al.* ($10,000 per Defendant) [Dkt. No. 24, ¶ 8].

In the present case, 218 Defendants were listed in Schedule A to the Complaint. Based upon prior trademark infringement cases heard by this Court, Plaintiffs would most likely be required to post a bond in the amount of $2.18 million despite Plaintiffs' high likelihood of success on the merits and the minimal risk that any Defendants might sustain any damage. Based upon current rates, if Plaintiffs were to obtain a surety bond, the premium for a $2.18 million bond would be 2% of the bond amount, or $43,600. Requiring Plaintiffs to incur such high bond costs creates a significant financial barrier for Plaintiffs to obtain the requisite injunctive relief to stop Defendants from selling counterfeit versions of Plaintiffs' products.

Plaintiffs must file trademark infringement cases like the present case to protect their intellectual property and prevent consumer confusion against thousands of Defendants selling counterfeit products in this District. Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiffs filed an Amended Complaint as a matter of course to limit the case to five (5) Defendants to keep the cost of this Court's bond requirement to a manageable amount based on recent cases cited above that were previously filed by Plaintiffs' counsel.

2

The original 218 Defendants' internet stores were located on the e-commerce platforms of ContextLogic, Inc. ("Wish"), Amazon.com, Inc. ("Amazon"), AliExpress and Alipay. The five (5) remaining Defendants are located on the Wish e-commerce platform. When determining which Defendants to include in thier Amended Complaint, Plaintiffs included Defendants whose internet stores are located on the Wish e-commerce platform because Wish has recently responded to subpoenas more quickly than Amazon, AliExpress or Alipay. This Court has previously advised Plaintiffs that it is not likely to extend the TRO beyond fourteen (14) days. *See* 22-cv-1088 *Grumpy Cat Limited v. The Partnerships et al.* [Dkt. No. 23]. Plaintiffs' counsel included Defendants listed on the Wish e-commerce platform to minimize the chances that an *ex parte* TRO would expire prior to Plaintiffs effectuating service and moving for entry of a Preliminary Injunction which could result in Defendants' assets being transferred outside of this Court's jurisdiction.

Plaintiffs refiled against the 213 Defendants in Case No. 22-cv-6502, *Blue Sphere, Inc.. d/b/a Lucky 13 and Robert A. Kloetzy v. The Partnerships et al.* (J. Guzman). A list of the current disposition of the original 218 Defendants is included in Exhibit A.

Undersigned counsel certify that this Statement is accurate within the meaning of the Federal Rules.

Respectfully submitted,

Dated: December 21, 2022

By:    s/Michael A. Hierl
        s/William B. Kalbac
        s/Robert P. McMurray
        Michael A. Hierl (Bar No. 3128021)
        William B. Kalbac (Bar No. 6301771)
        Robert P. McMurray (Bar No. 6324332)
        Hughes Socol Piers Resnick & Dym, Ltd.
        Three First National Plaza
        70 W. Madison Street, Suite 4000
        Chicago, Illinois 60602
        (312) 580-0100 Telephone
        mhierl@hsplegal.com
        wkalbac@hsplegal.com
        rmcmurray@hsplegal.com
        Attorneys for Plaintiffs
        BLUE SPHERE, INC. d/b/a LUCKY 13 and
        ROBERT A. KLOETZY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Statement was electronically filed with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on December 21, 2022.

<u>/s/ Michael A. Hierl</u>
Michael A. Hierl