```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

BLUE SPHERE, INC., d/b/a LUCKY    )
13 and ROBERT A. KLOETZY,         )
                                  )
                Plaintiffs,       )
                                  )
-vs-                              )   Case No. 22 CV 5599
                                  )
THE INDIVIDUALS, CORPORATIONS,    )   Chicago, Illinois
LIMITED LIABILITY COMPANIES,      )   January 18, 2023
PARTNERSHIPS, AND                 )   9:47 a.m.
UNINCORPORATED ASSOCIATIONS       )
IDENTIFIED ON SCHEDULE A          )
HERETO,                           )
                                  )
                Defendants.       )

            TRANSCRIPT OF PROCEEDINGS - Status
         BEFORE THE HONORABLE STEVEN C. SEEGER

APPEARANCES:

 For the Plaintiffs:    HUGHES SOCOL PIERS RESNICK & DYM LTD.
                        BY:  MR. MICHAEL A. HIERL
                             MR. WILLIAM KALBAC
                             MR. ROBERT PAYTON McMURRAY
                        70 West Madison Street
                        Suite 4000
                        Chicago, IL   60602




 Court Reporter:        AMY M. SPEE, CSR, RPR, CRR
                        Federal Official Court Reporter
                        United States District Court
                        219 South Dearborn Street, Room 2318A
                        Chicago, IL   60604
                        Telephone:  (312) 818-6531
                        amyofficialtranscripts@gmail.com
```

1          (Proceedings heard in open court:)
2                THE CLERK:  22 CV 5599, Blue Sphere Incorporated
3    versus Schedule A.
4                MR. HIERL:  Good morning, Your Honor.
5                Michael Hierl for plaintiffs.
6                THE COURT:  Good morning.
7                MR. KALBAC:  Good morning, Your Honor.
8                Bill Kalbac for the plaintiff.
9                THE COURT:  Let's go into the microphone and say it
10   again, please.
11               MR. KALBAC:  Good morning, Your Honor.
12               Bill Kalbac for plaintiff.
13               THE COURT:  Good morning.
14               MR. McMURRAY:  Good morning, Your Honor.
15               Robert McMurray on behalf of plaintiff.
16               THE COURT:  All right.  Good morning.  Thank you for
17   being here.
18               I called you in today because I wanted to speak with
19   you directly and candidly face to face about some of my
20   concerns that I had about some of your filings.
21               MR. HIERL:  Certainly, Your Honor.
22               THE COURT:  So let me reset the table and rewind the
23   tape, and we'll take it from there.
24               You folks filed a complaint in this case on
25   October 13th, 2022.  It's one of the many Schedule A cases

1 that you have filed in this building and, presumably, would
2 like to have the ability to file in the future.  You
3 presumably would like to continue to be in federal court.
4      You filed a complaint on behalf of 218 plaintiffs.
5 Again, that was on October 13th, 2022.  The case was then
6 assigned to me.  Less than two weeks later, on October 24th,
7 2022, you filed an amended complaint.  Lo and behold, you
8 dropped all but five of the plaintiffs.
9      So let me say that again.
10      On October 13th, 2022, you filed a complaint on
11 behalf of 218 plaintiffs.  Less than two weeks later, you
12 dropped 213 of the 218 plaintiffs and retained only five of
13 the 218.
14      I had some concerns about that antic, so I issued an
15 order on October nine -- excuse me -- on December 19th, 2022,
16 directing you to give me an explanation.  That's Docket
17 No. 19.
18      You then did so on December 21st, 2022, Docket
19 No. 20.  I have read it in detail.  Before I share my
20 additional perspective, I'm just going to say to you -- and I
21 need a straight answer to this -- why did you drop 213 of the
22 218 plaintiffs?
23      MR. HIERL:  My client has a concern relating to --
24      THE COURT:  You have 218 clients.
25      MR. HIERL:  Yes.  My client has a concern relating to

1  the amount of the bond.
2          THE COURT:  I'm sorry.  You have 218 defendants.
3  Excuse me.
4          MR. HIERL:  Defendants, that's correct.
5          THE COURT:  Okay.
6          MR. HIERL:  My client has a concern relating to the
7  amount of the bond in these cases before this court.  If with
8  218 defendants there's a bond of $1,000 per defendant imposed,
9  it's relatively high to the bond imposed by other judges in
10 this district and it becomes pretty much cost-prohibitive for
11 small clients like Blue Sphere/Lucky 13.  It's a small company
12 trying to sell its trademark clothing items.  It's trying to
13 combat the influx of counterfeit Chinese products.  It has
14 attempted with takedown notices and contacting the platforms,
15 and they have little success with that.  And these cases are
16 their best attempt at stopping the counterfeiting.
17         And I believe these cases do have some success.  It's
18 almost like Whac-A-Mole, but --
19         THE COURT:  Focus on my question.
20         MR. HIERL:  Right.
21         THE COURT:  We're not talking about Schedule A cases.
22 We're talking about why you dropped 213 -- let me ask you
23 this:  Did you refile a case on behalf of those 213
24 defendants?
25         MR. HIERL:  Yes, we did, Your Honor.

1         THE COURT: And in front of who?

2         MR. HIERL: Judge Guzman.

3         THE COURT: All right. Did you tell Judge Guzman
4 what you did?

5         MR. HIERL: No, we did not.

6         THE COURT: All right. You're going to by Friday.
7 You're going to file a notice before Judge Guzman. You're
8 going to explain absolutely every last detail of what you did.
9 You're going to say: "Dear, Judge Guzman, I just wanted to
10 let you know that the case that's in front of you shouldn't
11 have been in front of you because it was assigned to
12 Judge Seeger, all these defendants."

13         MR. HIERL: We will file as directed with Judge
14 Guzman.

15         THE COURT: All right.

16         MR. HIERL: If I may, Your Honor, I believe that we
17 complied with the local rule on these civil cover sheets with
18 regard to indicating --

19         THE COURT: Did you tell Judge Guzman that all of
20 those 213 defendants were in front of me?

21         MR. HIERL: Did not.

22         THE COURT: Okay.

23         MR. HIERL: There is not an opportunity on the civil
24 cover sheet to do so.

25         THE COURT: All right. So you didn't disclose to

1  Judge Guzman that you wanted to be in front of him instead of
2  in front of me?
3       MR. HIERL:  That's not the issue, Your Honor.  The
4  issue relates to the bond.
5       THE COURT:  Okay.
6       MR. HIERL:  If another judge had imposed a bond of
7  that magnitude, my client would be in the same position.
8       THE COURT:  All right.  Did you dismiss 213
9  defendants because you didn't like my bond rulings?
10      MR. HIERL:  No, it's not --
11      THE COURT:  You wanted a lower bond.  You thought I
12 would impose a bond of a thousand dollars per defendant, and
13 you didn't like that, so you wanted to be in front of another
14 judge.
15      MR. HIERL:  Well, I believe you would impose a
16 bond --
17      THE COURT:  Answer my question.  Am I correct?
18      You dismissed 213 defendants from my case because you
19 wanted to be in front of a different judge with a lower bond,
20 right?
21      MR. HIERL:  That was the client's decision, yes.
22      THE COURT:  Okay.  You're never going to do that
23 again.
24      Let me be a hundred percent clear on this.  Clients
25 have some latitude at picking a forum.  Clients have no

1  latitude picking a judge.  Judge shopping ain't a thing here
2  or anywhere else.
3              If you file a case in federal court and you get
4  assigned to a judge, unlike state court, you have no ability
5  whatsoever to get reassigned to another judge because you
6  prefer a different judge.  In state court, you do; at least
7  when I practiced, you had some ability to strike a judge and
8  get assigned to a new judge.  I don't know, maybe the rules
9  have changed over there, but that's how it used to be in state
10 court.
11             There is no such provision in federal court.  If you
12 are in federal court and you get assigned a judge, that's your
13 judge.  You do not get to just dismiss the case and refile and
14 hope for another judge.
15             Do you understand?
16             MR. HIERL:  Yes, I do, Your Honor.
17             THE COURT:  Okay.  We're going to go down the line.
18             Do you understand?
19             MR. KALBAC:  Bill Kalbac for plaintiff.
20             Yes, Your Honor.
21             THE COURT:  Do you understand?
22             MR. McMURRAY:  Robert McMurray for plaintiffs.
23             Yes, Your Honor.
24             THE COURT:  Okay.  Was there something you wanted to
25 say?

1           MR. HIERL:  Yes, Your Honor.

2           In my 40 years of practice before this court, I've

3   always been careful to follow the rules when representing

4   clients.

5           Could we have an opportunity in a future case to file

6   a memorandum requesting a lower bond?

7           THE COURT:  You absolutely could've.  If you didn't

8   like my bond ruling, you know what you can do?  File a motion,

9   say, Judge, we don't think this bond is appropriate.  We think

10  a lower bond would be better.

11          That's what you do.  When you're in front of a judge,

12  you file a motion in front of the judge.  You've probably done

13  that in your 40 years of experience.

14          Let me ask you this:  In your 40 years of experience,

15  have you ever done this before, pulled a rug out from a judge

16  and refiled in front of another judge?  Have you ever done

17  that before?  Is this how you practice law?

18          MR. HIERL:  I do recall a patent case I had years ago

19  where we -- for one reason or another, we dismissed the case

20  and refiled.  And on the civil cover sheet, we identified the

21  prior case and the prior judge.

22          THE COURT:  But you didn't do that here.

23          MR. HIERL:  In a subsequent --

24          THE COURT:  Stop.  You didn't do that here, did you?

25          MR. HIERL:  On a subsequent -- no, we did not.

1       THE COURT: Okay.

2       MR. HIERL: On a subsequent case, it was assigned to
3  another judge, so it appeared it didn't make any difference.

4       THE COURT: Okay. Well, it makes a difference to me.

5       MR. HIERL: Okay. I understand.

6       THE COURT: Okay. Let me be a hundred percent clear
7  on this. You are hereby ordered to never do this again. I'm
8  speaking to you personally. You are hereby prohibited from
9  ever dismissing a defendant in one of my cases and refiling on
10 behalf of that -- the same plaintiff against that same
11 defendant in the hopes of getting a different judge. I am
12 ordering you to never do that again.

13      If you do that again, you should ponder what will
14 happen. Among other things, you should ponder whether you're
15 still going to be welcome in the Dirksen Federal Building,
16 period. Okay? I mean business on this, folks. This is
17 absolutely beyond the pale. You cannot dismiss a case and
18 refile in front of another judge and not tell me what you're
19 doing and not tell the other judge what you're doing and leave
20 it to little ole me to figure it out.

21      If you do it again and you violate my court order,
22 things will happen, and you may not like it. I can be more
23 precise if you want, but you should assume that there are
24 going to be some pretty serious professional consequences if
25 you violate my order.

1           Do you understand?
2           MR. HIERL:  Understood, Your Honor.  We try --
3           THE COURT:  Do you understand?
4           MR. KALBAC:  Bill Kalbac for plaintiff.
5           Understood, Your Honor.
6           MR. McMURRAY:  Robert McMurray for plaintiffs.
7           Understood, Your Honor.
8           THE COURT:  I'll be a hundred percent honest with
9  you, I don't know that I'm getting my point across to you
10 because you seem to be resistant to what I'm telling you.
11          MR. HIERL:  Oh, no.
12          THE COURT:  That gives me some concern.
13          MR. HIERL:  I'm not --
14          THE COURT:  Maybe --
15          MR. HIERL:  -- resisting, Your Honor.
16          Sorry.
17          THE COURT:  Maybe I need to make my point a little
18 more expressly than I am this morning.
19          Do you have any questions about what I'm saying to
20 you this morning?  Do you have any questions about what I'm
21 prohibiting you from doing going forward?
22          MR. HIERL:  Not at all, Your Honor.  It's crystal
23 clear.
24          THE COURT:  Okay.  Is there anything else that you
25 would like to say?

| | |
|---|---|
| 1 | MR. HIERL:  Not at this time. |
| 2 | THE COURT:  Okay.  You? |
| 3 | MR. KALBAC:  No, Your Honor. |
| 4 | THE COURT:  You? |
| 5 | MR. McMURRAY:  Not at this time, Your Honor, no. |
| 6 | THE COURT:  I'm assuming going forward that things |
| 7 | are going to go smoothly.  I assume long term you'd like to be |
| 8 | welcomed here in the Dirksen Federal Building.  I think that |
| 9 | we're not going to have to have these kinds of conversations |
| 10 | going forward. |
| 11 | If you get assigned to me, you've got me, I'm your |
| 12 | judge.  If you don't like one of my rulings, you could file a |
| 13 | motion.  But what you can't do is file an amended complaint, |
| 14 | dismiss defendants, refile in front of somebody else in |
| 15 | silence.  If you do it again, I'll deal with it. |
| 16 | Anything else? |
| 17 | MR. HIERL:  No, Your Honor. |
| 18 | THE COURT:  All right.  We're adjourned. |
| 19 | MR. HIERL:  Thank you. |
| 20 | THE CLERK:  All rise. |
| 21 | (Which were all the proceedings heard.) |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1                    *   *   *   *   *   *
 2                         CERTIFICATE
 3       I certify that the foregoing is a correct transcript from
 4   the record of proceedings in the above-entitled matter.
 5
 6   /s/ Amy Spee                        1/26/2023
     _____             _____
 7   Amy Spee, CSR, RPR, CRR             Date
     Official Court Reporter
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```